**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Clayton Steres, | No. CV-18-00161-TUC-RM |
| Petitioner, | **ORDER** |
| v. | |
| Kevin Curran, et al., | |
| Respondents. | |

On September 23, 2020, Magistrate Judge Bruce G. Macdonald issued a Report and Recommendation ("R&R") (Doc. 20), recommending that this Court dismiss Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Petitioner filed a timely Objection (Doc. 21), and Respondents filed a Response to the Objection (Doc. 25). For the following reasons, Petitioner's Objection will be partially sustained and partially overruled, the R&R will be partially accepted and partially rejected, and the § 2254 Petition will be denied.

**I.   Standard of Review**

A district judge "may accept, reject, or modify, in whole or in part," a magistrate judge's proposed findings and recommendations. 28 U.S.C. § 636(b)(1). A district judge must "make a de novo determination of those portions" of a magistrate judge's "report or specified proposed findings or recommendations to which objection is made." 28 U.S.C.

§ 636(b)(1). The advisory committee's notes to Rule 72(b) of the Federal Rules of Civil Procedure state that, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" of a magistrate judge. Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition. *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."); *Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012) (reviewing for clear error unobjected-to portions of Report and Recommendation).

## II.     Background

Petitioner was convicted based on a guilty plea in Cochise County Superior Court of attempted premeditated murder. (Doc. 11 at 3-4, 6-10, 44-47.)[1] As the factual basis for the plea, Petitioner admitted that he made plans to kill the victim and then stabbed the victim near the base of the victim's skull. (*Id.* at 35-38.) Petitioner was sentenced to a fifteen-year term of imprisonment. (*Id.* at 46; *see also id.* at 101.)

Petitioner thereafter filed a timely Notice of Post-Conviction Relief ("PCR"). (Doc. 11 at 107-108.) Nearly a year later, Petitioner's retained PCR counsel filed a PCR Petition. (*Id.* at 110-129.) The trial court granted the State's motion to dismiss the PCR Petition as untimely. (Doc. 12 at 13.) Petitioner thereafter filed a Petition for Review (*id.* at 32-52), and the Arizona Court of Appeals granted review but denied relief (*id.* at 56-61). The Arizona Court of Appeals found that the PCR Petition should not have been dismissed as untimely, but that summary dismissal was appropriate based on Petitioner's failure to comply with Arizona Rule of Criminal Procedure 32.5, which at the time required a petitioner to support a PCR petition with a sworn declaration verifying the accuracy of the information contained in the petition. (*Id.* at 58-59.) The Arizona Court of Appeals further found that summary dismissal was appropriate because Petitioner had failed to state a colorable, non-precluded claim for relief. (*Id.* at 58-61.) The Arizona

---

[1] All record citations herein refer to the page numbers generated by the Court's electronic filing system.

- 2 -

Supreme Court denied review. (Doc. 12 at 63.)[2]

After the conclusion of his unsuccessful state PCR proceedings, Petitioner filed the pending § 2254 Petition, asserting two grounds for relief: (1) ineffective assistance of counsel ("IAC") based on trial counsel performing insufficient research and investigation and failing to move to suppress cell phone evidence before advising Petitioner to plead guilty, and (2) illegal cell phone search. (Doc. 1.) Petition supports his § 2254 Petition with a number of attached exhibits, including police reports, cell phone records, photographs of the victim's injuries, and screenshots of social media postings of his accomplice, Kate Francois. (Doc. 1-4.) Respondents filed an Answer to the § 2254 Petition (Doc. 10), and Petitioner filed a Reply (Doc. 14).

The R&R finds that the § 2254 Petition is timely under the statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") but that Petitioner's claims are procedurally defaulted. (Doc. 20 at 14-16, 25-26.) The R&R further finds that Petitioner cannot show cause and prejudice or a miscarriage of justice to excuse the procedural default of his claims. (*Id.* at 16-17.) In the alternative, the R&R finds that Petitioner's claims fail on the merits. (*Id.* at 17-32.) Petitioner objects to the R&R's procedural default findings and to the R&R's analysis of the merits of his claims. (Doc. 21.)

**III.   Applicable Law**

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). If the petitioner is in custody pursuant to the judgment of a state court, the writ will not be granted "with respect to any claim that was adjudicated on the merits" in state court unless the prior adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination

---

[2] Petitioner's state trial and PCR proceedings are summarized in more detail in the R&R. (*See* Doc. 20 at 1-7.)

of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This standard requires a federal habeas petitioner to show not merely that the state court's determination was incorrect, but that it "was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011); *see also Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) ("The question under AEDPA is not whether a federal court believes the state court's determination was correct but whether that determination was unreasonable—a substantially higher threshold.").

Federal habeas claims are subject to the "exhaustion rule," which requires that the factual and legal basis of a claim be presented first to the state court. 28 U.S.C. § 2254(b)(1)(A); *Weaver v. Thompson*, 197 F.3d 359, 363-64 (9th Cir. 1999). If the petitioner is in custody as a result of a judgment imposed by the State of Arizona, and the case does not involve a life sentence or the death penalty, he must fairly present his claims to the Arizona Court of Appeals in order to satisfy the exhaustion requirement. *See Castillo v. McFadden*, 399 F.3d 993, 998 n.3 (9th Cir. 2005); *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999). In order to properly exhaust a claim for purposes of federal habeas review, the petitioner must identify the federal nature of the claim to the state court by citing federal law or precedent. *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *as amended by* 247 F.3d 904.

A claim is exhausted but procedurally defaulted if it was presented in state court but the state court rejected it based on an independent and adequate state procedural bar. *Bennett v. Mueller*, 322 F.3d 573, 583 (9th Cir. 2003); *Franklin v. Johnson*, 290 F.3d 1223, 1230–31 (9th Cir. 2002). A claim is also technically exhausted but implicitly procedurally defaulted if the petitioner failed to raise it in state court and a return to state court to exhaust it would be futile considering state procedural rules. *Franklin*, 290 F.3d at 1230–31; *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (finding claims procedurally defaulted because habeas petitioner was time-barred from presenting his

claims in state court); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (noting that claims are barred from habeas review if they were not raised in state court and the state courts "would now find the claims procedurally barred").

A federal habeas court may not review a procedurally defaulted claim unless "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[] will result in a fundamental miscarriage of justice.'" *Coleman*, 501 U.S. at 750. To establish "cause," a petitioner must demonstrate that "some objective factor external to the defense impeded counsel's efforts to comply with the state's procedural rule." *Id.* at 753. To establish "prejudice," a petitioner must demonstrate actual, not possible, harm resulting from the alleged violation. *Murray v. Carrier*, 477 U.S. 478, 494 (1986); *see also United States v. Frady*, 456 U.S. 152, 170 (1982) (to show prejudice, a petitioner must demonstrate that the alleged constitutional violation worked to the prisoner's "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.") To establish a "fundamental miscarriage of justice," a petitioner must "show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

**IV.    Discussion**

    **A.    Exhaustion**

Respondents concede that Petitioner presented his habeas claims to the state courts in his PCR Petition and in his Petition for Review. (Doc. 10 at 9-10.) The R&R agrees, with the exception of Petitioner's claim that trial counsel rendered ineffective assistance by convincing him to plead guilty based only on information in police reports; the R&R finds that Petitioner raised that claim in his PCR Petition but not in his Petition for Review. (Doc. 20 at 25-26.) Petitioner objects to this portion of the R&R, stating—without citation to the record—that in his Petition for Review he claimed that defense counsel failed to do the necessary investigation and research to properly defend him and instead "relied on the police reports to evaluate his case." (Doc. 21 at 6. n.1.)

- 5 -

Although Petitioner fails to support his objection with an appropriate record citation, this Court has independently reviewed his Petition for Review and finds that Petitioner fairly presented all of his claims to the Arizona Court of Appeals, including his claim that trial counsel rendered ineffective assistance by advising him to plead guilty based only on information contained in police reports. In the Petition for Review, Petitioner argued that trial counsel failed to perform necessary investigation and research and instead "drew false conclusions based on inaccurate information in the police reports," which led to Petitioner entering a defective plea. (Doc. 12 at 49-50.)

Petitioner's objection to this portion of the R&R will be sustained, and this portion of the R&R will be rejected.

### B. Procedural Default

With the exception of the IAC claim addressed above, the R&R finds that Petitioner exhausted his claims by presenting them in his PCR Petition and Petition for Review. (Doc. 20 at 15, 25-26.) Nevertheless, the R&R finds that the claims are procedurally defaulted because the Arizona Court of Appeals rejected them based on Arizona Rule of Criminal Procedure 32.5, which the R&R concludes is an independent and adequate state procedural bar. (*Id.* at 15-16.) Petitioner challenges the R&R's finding that Rule 32.5 is an independent and adequate state ground precluding federal habeas review, arguing that amendments to the Arizona Rules of Criminal Procedure that went into effect on January 1, 2020 should apply to his case, and that the amended rules only require self-represented petitioners to submit sworn declarations. (Doc. 21 at 1-3.) According to Petitioner, the amended rules apply because they went into effect when his case was pending and because failing to apply them would cause significant injustice. (*Id.* at 2.)

Respondents assert that Petitioner's argument need not be considered because it was raised for the first time in his Objection, and that the argument fails on the merits because the 2020 amendments to the Arizona Rules of Criminal Procedure do not retroactively apply to Petitioner's PCR proceedings, which were initiated in 2016 and

terminated in 2018. (Doc. 25 at 2.) Respondents further argue that, even if this Court does find that the later amendments to the Arizona Rules of Criminal Procedure are applicable, this Court is nevertheless bound by the Arizona Court of Appeals' finding that Petitioner violated former Rule 32.5. (*Id.* at 2-3.)

Currently, Arizona Rule of Criminal Procedure 33.7(d) requires only a self-represented PCR petitioner to file a "declaration stating under penalty of perjury that the information contained in the petition is true to the best of the defendant's knowledge or belief." Ariz. R. Crim. P. 33.7(d). The Applicability Provision contained in the Editors' Notes to the rule states that the 2020 amendments to the Arizona Rules of Criminal Procedure "apply to all actions filed on or after January 1, 2020," as well as "all other actions pending on January 1, 2020, except to the extent that the court in an affected action determines that applying the rule or amendment would be infeasible or work an injustice."

Petitioner's PCR Petition was not pending on January 1, 2020; the Arizona Supreme Court denied review on November 30, 2017, and the Arizona Court of Appeals issued its mandate on February 8, 2018. (Doc. 12 at 63, 65.) The 2020 amendments to the Arizona Rules of Criminal Procedure do not apply retroactively to PCR proceedings that concluded before the amendments took effect. Petitioner's argument that the 2020 amendments should apply to prevent an injustice misconstrues the plain language of the Applicability Provision.

Nevertheless, the Court disagrees with the R&R's finding that Petitioner's claims are procedurally defaulted because the Arizona Court of Appeals applied an independent and adequate state procedural bar. The Arizona Court of Appeals found that summary dismissal of Petitioner's PCR Petition was appropriate because Petitioner failed to file a Rule 32.5 declaration. This is a curious conclusion, because the record reflects that Petitioner did accompany his PCR Petition with a signed and notarized Rule 32.5 declaration averring that the information contained in the Petition and exhibits was true to the best of his knowledge and belief. (Doc. 11 at 129.) It is not the province of this Court

to "reexamine state-court determinations on state-law questions" during federal habeas review. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). However, a state court's application of a state procedural bar results in a procedural default on federal habeas review only if the state procedural rule "provide[s] an adequate and independent state law basis on which the state court can deny relief." *Bennett v. Mueller*, 322 F.3d 573, 580 (9th Cir. 2003) (internal quotation omitted).

A state law ground is "independent" if "the state law basis for the decision" is not "interwoven with federal law." *Bennett*, 322 F.3d at 581. A state law ground is "adequate" if it is "well-established and consistently applied," meaning it was "firmly established and regularly followed at the time it was applied by the state court." *Id.* at 583 (internal quotations omitted). There is no question that former Arizona Rule of Criminal Procedure 32.5's requirement of a sworn declaration is a state ground that is independent of federal law. However, this Court disagrees with the R&R's conclusion that former Rule 32.5 is an adequate ground for disposal of Petitioner's PCR claims. In finding that the rule is both independent and adequate, the R&R relies on *Stewart v. Smith*, 536 U.S. 856 (2002) (per curiam) and *Carriger v. Lewis*, 971 F.2d 329 (9th Cir. 1992) (Doc. 20 at 16), but neither case discusses former Rule 32.5's declaration requirement; they address Arizona's waiver rules. The cases cited by Respondents in support of their argument that Rule 32.5 is an independent and adequate state procedural bar likewise do not specifically address former Rule 32.5 or its declaration requirement. (*See* Doc. 10 at 10.)

This Court has been unable to find any Arizona Court of Appeals case—other than the one from Petitioner's own PCR proceedings—finding that summary dismissal of a PCR Petition for failure to comply with former Rule 32.5's declaration requirement is appropriate where the petitioner was not given an opportunity to amend his petition to include the required declaration. In both *Arizona v. Hargous*, No. 1 CA-CR 15-0454 PRPC, 2017 WL 1739153 (Ariz. App. May 4, 2017), and *Arizona v. Baker*, No. 2 CA-CR 2016-0275-PR, 2016 WL 5929621 (Ariz. App. Oct. 12, 2016), the PCR trial courts had given the petitioners an opportunity to amend their PCR petitions in order to comply with

Rule 32.5's declaration requirement. Here, there is no indication that the PCR trial court provided Petitioner with such an opportunity—likely because, as the record reflects, Petitioner had in fact complied with the requirement. (Doc. 11 at 129.)

Because this Court has been unable to locate any case law indicating that former Rule 32.5 was regularly applied by Arizona courts in the manner in which the Arizona Court of Appeals applied it to Petitioner's case, this Court cannot conclude that the declaration requirement is an adequate state procedural bar. Accordingly, the Court rejects the R&R's conclusion that Petitioner's claims are procedurally defaulted.

### C. Cause and Prejudice

Petitioner objects to the R&R's cause-and-prejudice findings, arguing that cause and prejudice exists to excuse the procedural default of his claims. (Doc. 21 at 3-4.) Because this Court has found that Petitioner's claims are not procedurally defaulted, it need not analyze whether Petitioner can satisfy the cause-and-prejudice standard for excusing a procedural default.

### D. IAC Claims

Both the Arizona Court of Appeals and Magistrate Judge Macdonald alternatively rejected Petitioner's claims—including his IAC claims—on the merits.

In Ground One of his § 2254 Petition, Petitioner asserts that trial counsel rendered ineffective assistance by (A) failing to interview potential witnesses; (B) failing to move to suppress cell phone evidence; (C) failing to present exculpatory evidence to contradict the State's assertion that Petitioner intended or conspired to harm the victim; (D) advising Petitioner to plead guilty; and (E) providing an erroneous factual basis for the plea. (Doc. 1 at 4-9.)

The Arizona Court of Appeals rejected Petitioner's challenge to the factual basis of his plea on the grounds that it was premised on conclusory allegations and it contradicted the sworn statements he made at his change-of-plea hearing. (Doc. 12 at 59-60.) With respect to Petitioner's allegation that trial counsel failed to move to suppress cell phone evidence, the Court of Appeals found that Petitioner failed to establish

deficient performance because he did not identify what evidence was obtained from his cell phone, much less how its suppression was critical to his defense, "particularly in light of the various admissions he made to police officers investigating the crime." (*Id.* at 60.) The Court of Appeals further found that, by pleading guilty, Petitioner had waived all IAC claims except those relating to the validity of his plea, and that he failed to allege that he would not have pled guilty but for trial counsel's conduct. (*Id.*)

The R&R finds that the Arizona Court of Appeals' rejection of Petitioner's IAC claims was not contrary to clearly established federal law or based on an unreasonable determination of the facts. (Doc. 20 at 18-31.) The R&R notes that Petitioner waived any IAC claims except those relating to the validity of his guilty plea, and further finds that Petitioner failed to establish deficient performance and prejudice under the *Strickland* standard. (*Id.*)

Petitioner objects to the R&R's rejection of his IAC claims, arguing that both the Arizona Court of Appeals and Magistrate Judge Macdonald failed to consider the cumulative impact of the errors of trial counsel. (Doc. 21 at 4.) Petitioner asserts that his § 2254 Petition and its accompanying exhibits set forth in detail the information trial counsel would have discovered with further investigation, as well as the evidence obtained illegally from Petitioner's cell phone. (*Id.* at 4-5.) Petitioner further argues that, without proper research and investigation, trial counsel could not accurately or properly advise him about his chances at trial versus the benefits of a plea agreement, and that trial counsel's cumulative errors caused Petitioner to plead guilty "when the case could have likely [] been dismissed, if a Motion to Suppress had been litigated." (*Id.* at 5-6.) In response, Respondents contend that Petitioner's cumulative error argument need not be considered because it was raised for the first time in Petitioner's Objection to the R&R, and that the argument fails on the merits because Petitioner cannot show prejudice even if trial counsel's cumulative errors constituted deficient performance. (Doc. 25 at 5.)

To establish his claims of ineffective assistance of counsel, Petitioner must show both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687

(1984). To show deficient performance, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To show prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Moreover, to obtain relief under AEDPA on his IAC claims, Petitioner must show either that the Arizona Court of Appeals' decision rejecting the claims "was contrary to, or involved an unreasonable application" of the *Strickland* standard, or that the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' . . . and when the two apply in tandem, review is 'doubly' so[.]" *Harrington v. Richter*, 562 U.S. 86 (2011).

"When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea" but instead "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel" was constitutionally inadequate. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). "Counsel's failure to evaluate properly facts giving rise to a constitutional claim, or his failure properly to inform himself of facts that would have shown the existence of a constitutional claim, might in particular fact situations meet this standard of proof." *Id.* at 266-67.

Petitioner cannot meet either the deficient performance or prejudice prong of the *Strickland* standard. Defense counsel did not make professionally unreasonable errors by advising Petitioner to plead guilty without first moving to suppress cell phone evidence and without first obtaining the allegedly exculpatory evidence that Petitioner attaches to his § 2254 Petition.[3] Furthermore, Petitioner cannot show that there is a reasonable

---

[3] Federal habeas review "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181-82; *see also*

- 11 -

likelihood that he would not have pled guilty and would have insisted on going to trial if not for the alleged errors of defense counsel.

Even without evidence seized from Petitioner's cell phone, the State had strong evidence of Petitioner's guilt: Petitioner confessed to the police that he had stabbed the victim, and he was further implicated in the crime by statements of his accomplice and the victim, as well as recordings of phone calls he made from jail. (*See* Doc. 1-4.) The "exculpatory" evidence that Petitioner alleges defense counsel should have uncovered consists primarily of social media postings that Petitioner uses to attack the character of his accomplice; this evidence does little to undermine the significant evidence of Petitioner's guilt.

Petitioner was charged with conspiracy to commit first-degree murder, two counts of attempted premeditated murder, two counts of aggravated assault, possession of marijuana for sale, and possession of drug paraphernalia. (Doc. 1-4 at 5-7.) By pleading guilty to one count of attempted premediated murder, he obtained the dismissal of the other charges and a stipulated sentencing range of twelve to fifteen years. (Doc. 11 at 7, 47, 99.)[4] At his change-of-plea hearing, he stated that he was satisfied with his defense counsel and was pleading guilty voluntarily. (Doc. 11 at 19-20, 34.) He also stated that the factual basis for the plea provided by defense counsel was accurate and that he had nothing to add to or detract from that factual basis. (*Id.* at 35-38.)

Petitioner has not met the *Strickland* standard, much less shown that the Arizona Court of Appeals' rejection of his IAC claims was unreasonable under 28 U.S.C. § 2254(d). The Court will overrule Petitioner's objection to the R&R's finding that his IAC

---

28 U.S.C. § 2254(d). Based on the record before this Court, it is not entirely clear whether the exhibits that Petitioner has attached to his § 2254 Petition were presented to the state courts; they are not included in the current record as attachments to his PCR Petition or Petition for Review, although it appears that Petitioner referenced them in the body of those petitions. (*Compare* Doc. 1-4, *with* Doc. 11 at 110-129 *and* Doc. 12 at 32-54.) Because Petitioner's IAC claims fail even when considering the evidence attached to his § 2254 Petition, the Court will assume without deciding that the evidence was presented in state court and may properly be considered on federal habeas review.

[4] The record indicates that this stipulated sentencing range was highly favorable to Petitioner; at sentencing, the trial judge stated: "I don't know that fifteen years is long enough but those are the parameters I have to work with." (Doc. 11 at 101.)

- 12 -

claims fail on the merits.

### E. Cell Phone Search

In Ground Two, Petitioner alleges that the search of his cell phone was illegal under the Fourth Amendment and *Riley v. California*, 573 U.S. 373 (2014). (Doc. 1 at 11-13.) The Arizona Court of Appeals found that Petitioner waived this claim by pleading guilty. (Doc. 12 at 61.) The R&R likewise finds waiver by operation of Petitioner's guilty plea. (Doc. 20 at 31-32.) In addition, the R&R cites *Stone v. Powell*, 428 U.S. 465 (1976), for the proposition that the exclusionary rule "is a judicially created remedy rather than a personal constitutional right." (*Id.* at 31.) Petitioner objects, arguing that federal habeas review of his Fourth Amendment claim is appropriate under *Stone* because the ineffective assistance of his trial counsel denied him the opportunity to fully and fairly litigate the claim in state court. (Doc. 21 at at 6-7.)[5]

As discussed above, a defendant who has pled guilty may not raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of his guilty plea. *Tollett*, 411 U.S. at 267. "[W]hile claims of prior constitutional deprivation may play a part in evaluating" trial counsel's advice to plead guilty, those "claims are not themselves independent grounds for federal collateral relief." *Id.* The R&R correctly determined that Petitioner's Fourth Amendment claim is barred by *Tollett*. Accordingly, there is no need to determine whether the claim is also barred by *Stone*, and Petitioner's objection to this portion of the R&R will be overruled.

**IT IS ORDERED** that Petitioner's Objection (Doc. 21) is **partially sustained and partially overruled**, as set forth above.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Doc. 20) is **partially rejected and partially accepted**, as set forth above.

. . . .

---

[5] Petitioner also states that he raised this claim "for the first time in this petition." (Doc. 21 at 7.) If Petitioner indeed raised the claim for the first time in his § 2254 Petition, it would be procedurally defaulted. However, contrary to Petitioner's statement, the record reveals that Petitioner raised this claim in his PCR Petition as well as in his Petition for Review to the Arizona Court of Appeals. (Doc. 11 at 121-122; Doc. 12 at 46-48.)

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied**. The Clerk of Court is directed to enter judgment accordingly and close this case.

**IT IS FURTHER ORDERED** that, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability, because reasonable jurists would not find the Court's ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 478, 484 (2000).

Dated this 26th day of March, 2021.

_____
Honorable Rosemary Márquez
United States District Judge